IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIGHTHARBOUR CONSULTING,
LLC, et al.,

    Plaintiffs,

    v.

DOCUCONSULTING, LLC, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:12-CV-4050-TWT

**OPINION AND ORDER**

This case was originally brought as an action for copyright infringement following the breakup of a limited liability company. The claims and counterclaims included state law claims concerning the falling out of the members of the company. In April 2014, the Court granted the Defendants' motion for summary judgment on the Plaintiffs' infringement claims, and now the Defendants seek to drop their copyright counterclaims and have the case dismissed for lack of subject matter jurisdiction.

**I. Background**

Plaintiffs Brightharbour Consulting, LLC, 3Lins, LLC, Alden D. Kent, and Hsi-Ming Lin bring claims against Defendants Docuconsulting, LLC, Pivot, LLC,

Broadwater, LLC, Richard Lee, and Daniel Haggerty. The Plaintiffs were managers and members of Docuconsulting, LLC. Pursuant to the Operating Agreement the parties entered into, Plaintiffs Kent and Lin and Defendants Lee and Haggerty were managers of Docuconsulting, while Plaintiffs Brightharbour Consulting, LLC and 3Lins, LLC along with Defendants Pivot, LLC and Broadwater, LLC were members of the company.[1]

Docuconsulting produced four pieces of software. The first was called ExPRS Manual Correspondence, and it arose out of Docuconsulting's contracts with Liberty Mutual Insurance Company. The other three pieces of software are different versions of a program called "Librarian" that Docuconsulting developed concurrently with the Liberty Mutual project.[2] The Plaintiffs allege that, in 2012, the Defendants improperly excluded the Plaintiffs from Docuconsulting and continued profiting from the copyrights.[3]

The Plaintiffs initially brought a claim for copyright infringement and a series of state law claims concerning their expulsion from Docuconsulting. The Defendants counterclaimed with their own state law claims, and sought declaratory judgments on

---

[1] See Am. Compl. Ex. A.

[2] See Lee Decl. ¶¶ 17-18, 20-21.

[3] See Am. Compl. ¶¶ 44, 45.

the ownership of the copyrighted materials. In April 2014, the Court granted the Defendants' motion for summary judgment on the issue of infringement because the Plaintiffs conceded that the Defendants were not using any allegedly copyrighted software. The Plaintiffs now move for partial summary judgment on their breach of contract claim. However, the Defendants seek to drop their copyright ownership counterclaim pursuant to Rule 41. They further argue that, once their copyright claim is dropped, this Court will no longer have subject matter jurisdiction.

## II. Legal Standard

Federal district courts have limited jurisdiction. Relevant here, district courts have jurisdiction over civil actions arising under federal law.[4] However, a "necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings."[5] Thus, "it is well settled tat a federal court is obligated to inquire into subject matter jurisdiction

---

[4] 28 U.S.C. § 1331.

[5] University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

*sua sponte* whenever it may be lacking."[6] Generally, a case arises under federal law only if federal law creates the cause of action.[7]

### III. Discussion

Preliminarily, the Defendants have filed a motion for attorneys' fees under Section 505 of the Copyright Act. That section permits district courts to award reasonable attorneys' fees to the prevailing party in a copyright action.[8] In general, the Court should award attorneys' fees when doing so will further the goals of the Copyright Act.[9] Some factors to consider in awarding fees are frivolousness, motivation, objective unreasonableness, and the need to advance considerations of compensation and deterrence.[10] Here, the Plaintiffs' copyright infringement claims were dismissed because the Defendants showed they were not using the copyrighted materials. Contrary to the Defendants' arguments, this does not mean that the Plaintiffs' suit was frivolous and objectively unreasonable. The allegations in the

---

[6] Id.

[7] Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996).

[8] 17 U.S.C. § 505.

[9] MiTek Holdings, Inc. v. Arce Engineering Co., Inc., 198 F.3d 840, 842-43 (11th Cir. 1999).

[10] Id. at 842 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

amended complaint show that there was uncertainty among the parties about whether the Defendants were using the software following the breakup of Docuconsulting.[11] Accordingly, the Court will not award the Defendants attorneys' fees under Section 505 of the Copyright Act.

Next, the Defendants seek to drop their claim seeking a declaration of the ownership of the copyrighted material. They argue that once this claim is dismissed, the Court will no longer have federal question subject matter jurisdiction. However, upon further scrutiny, the Court concludes that the Defendants' counterclaims – seeking declaratory judgments on the ownership of the copyrights – are not claims arising under federal law.[12] In Borden v. Katzman, the putative owner of a copyright filed a declaratory action in federal court seeking to establish ownership of the copyright of a translated book. The district court ruled that the defendant owned the copyright. The Eleventh Circuit, however, concluded that "the general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to invoke federal jurisdiction."[13] The court further reasoned that the true dispute in the case was the parties' contractual arrangements. Because "[c]ontract

---

[11]   See Am. Compl. ¶¶ 45-49.

[12]   See Borden v. Katzman, 881 F.2d 1035 (11th Cir. 1989).

[13]   Id. at 1038 (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964) (internal quotation marks omitted).

questions that depend upon common law or equitable principles belong in state court even if they involve copyrights," the court reversed the district court and remanded the case to be dismissed for lack of subject matter jurisdiction.[14]

Here, as in Borden, a party is seeking to resolve the ownership of various copyrights through declaratory judgment actions. Because those actions alone are insufficient to invoke the Copyright Act, they are insufficient to establish federal question jurisdiction. Aside from the declaratory judgment action, the parties' remaining disputes are entirely state law claims. Accordingly, like the court in Borden, the Court concludes it does not have subject matter jurisdiction over the case.

### IV. Conclusion

For the reasons set forth above, the Defendants' Motion for Attorney Fees under 17 U.S.C. § 505 [Doc. 161] is DENIED. The Defendants' Motion to Dismiss Copyright Counterclaims [Doc. 160] is GRANTED. The remaining state law claims are DISMISSED pursuant to 28 U. S. C. § 1367(c).

---

[14] Id. at 1038-39 (quoting Dolch v. United CA. Bank, 702 F.2d 178 (9th Cir. 1983)).

SO ORDERED, this 10 day of July, 2014.

                                        /s/Thomas W. Thrash
                                        THOMAS W. THRASH, JR.
                                        United States District Judge